IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| KEVIN NUTT and LISA NUTT, | * | |
| | * | |
| Plaintiffs, | * | |
| vs. | * | No. 3:10cv00307 SWW |
| | * | |
| | * | |
| STAFFORD KEES; CARROLL COUNTY | * | |
| NURSING AND REHAB CENTER, INC., an | * | |
| Arkansas Corporation; OSCEOLA NURSING | * | |
| HOME, LLP, an Arkansas Limited Liability | * | |
| Partnership; OSCEOLA THERAPY AND | * | |
| LIVING CENTER, INC., an Arkansas | * | |
| Corporation; OSCEOLA HEALTHCARE, | * | |
| PLLC, an Arkansas Professional | * | |
| Limited Liability Company; and HOPE | * | |
| HEALTHCARE, LLC, an Arkansas Limited | * | |
| Liability Company, | * | |
| | * | |
| Defendants. | * | |

ORDER

Plaintiffs Kevin Nutt and Lisa Nutt bring this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq*., alleging breach of fiduciary duty under ERISA and for ERISA retaliation.  Plaintiffs allege that defendants, Stafford Kees, Carroll County Nursing & Rehab Center, Inc., Osceola Nursing Home, LLP, Osceola Therapy & Living Center, Inc., Osceola Healthcare, PLLC, and Hope Healthcare, LLC, failed to make health insurance premium payments to a group health plan despite making deductions from pay to cover such premiums.  Plaintiffs further allege that they were employed by defendants in various capacities and that their employment was terminated in retaliation for insisting that defendants provide the benefits they had been promised.

Now before the Court is a motion of separate defendant Osceola Nursing Home, LLP to

enforce the Court's Order to file an administrative record and alternative motion to dismiss for lack of jurisdiction [doc.#19]. Plaintiffs have responded in opposition to Osceola Nursing Home's motion and Osceola Nursing Home has filed a reply to plaintiffs' response. For the reasons that follow, the Court denies Osceola Nursing Home's motion to dismiss but grants Osceola Nursing Home's motion to enforce the Court's Order to file an administrative record.[1]

I

According to the complaint, on March 6, 2010, Kevin Nutt was injured in an accident requiring emergency transportation, extended care at a hospital, and after-care treatment. Plaintiffs state they presented Kevin Nutt's health insurance information to all entities providing transportation and medical and health care as a result of the accident and that claims were

---

[1] The Court attempted to hold a telephone conference on Osceola Nursing Home's motion to enforce the Court's Oder to file an administrative record or to dismiss but was unsuccessful in doing so. In setting the telephone conference, the Court, on June 3, 2011, emailed one of plaintiffs' counsel, Alan G. Crone, to suggest possible dates for the telephone conference but Mr. Crone never responded to the Court's email (the Court did not have an email address for the other attorney for plaintiffs, David Brackstone, as he is for some reason not registered with the Court's electronic case filing system (CM-ECF)). On June 8, 2011, an assistant for Mr. Crone emailed the Court and stated that she "wanted to see if Mr. Crone had responded yet to your earlier email" and that "I reminded him the other day, but did not see an email go out to you in response...." The Court responded to the assistant's email and informed her that the Court "never heard from anyone" that was emailed. On June 10, 2011, the Court, not having been notified of any conflicts with the proposed dates it earlier emailed to counsel, scheduled the telephone conference for 10:30 a.m. on June 15, 2011 (one of the dates suggested by the Court). *See* doc.#24. Notification of the date and time for the telephone conference was emailed to counsel for whom the Court had email addresses on June 10, 2011 and conventionally mailed to Mr. Brackstone on that same date. *Id*. On June 14, 2011, at 4:14 p.m., the Court emailed counsel for whom the Court had email addresses that the Court would not initiate the call but that the telephone conference would be an "AT&T call-in conference" and that counsel should thus call in after which the Court would join the call (the Court asked that Mr. Crone notify Mr. Brackstone of this information as the Court did not have an email address for him). The telephone conference commenced as scheduled on June 15, 2011, with counsel for defendants involved with Osceola Nursing Home's motion to enforce the Court's Oder to file an administrative record or to dismiss having called in as instructed. Shortly after the telephone conference began, the Court discovered that neither Mr. Crone nor Mr. Brackstone were on the call. The Court thereupon informed counsel for defendants that it could not proceed with the telephone conference and that it instead would issue a written Order on Osceola Nursing Home's motion (a court reporter transcribed everything that was said during the telephone conference and a transcript of the telephone conference may be obtained). Approximately five minutes after the telephone conference ended, the Court received a telephone call from Mr. Crone's assistant inquiring about the status of the telephone conference. The Court informed Mr. Crone's assistant that the telephone conference had been terminated due to the absence of counsel for plaintiffs and would not resume. Mr. Crone then sent the Court a letter dated June 15, 2011, explaining that he was sitting by his phone at the time scheduled for the telephone conference waiting for the Court's call and had evidently overlooked the email explaining that he was supposed to call in for the conference, although he acknowledged he found the email and that it was marked "read." Mr. Crone asks that the Court reschedule the telephone conference "and not prejudice my client due to my failure to notice this email late yesterday afternoon." Given today's disposition of Osceola Nursing Home's motion to enforce the Court's Order to file an administrative record or to dismiss, there is no need to reschedule the telephone conference. The Court would, however, hope that greater attention be paid to the Court's scheduling efforts to avoid a repeat of what happened here.

subsequently made by all care-providing entities against Kevin Nutt's health insurance provider, United Healthcare. Plaintiffs state that United Healthcare informed all claiming entities that Kevin Nutt's health insurance was not in effect due to non-payment of premiums, thereby making Kevin Nutt liable for the healthcare costs associated with the accident.

Plaintiffs state that on August 4, 2010, Stafford Kees, Osceola Healthcare, and Hope Healthcare, caused Osceola Therapy and Living Center and all of its assets and liabilities to be sold or otherwise transferred to Carroll County Nursing and Rehab Center, Inc.[2] Plaintiffs state that they inquired with Carroll County Nursing and Rehab Center, with whom plaintiffs apparently were employed, about Kevin Nutt's lapsed insurance coverage and that Carroll County Nursing and Rehab Center simply informed plaintiffs that Kevin Nutt was not covered by any health insurance policy. Plaintiffs state that Carroll County Nursing and Rehab Center thereafter terminated Kevin Nutt's employment on August 6, 2010, and terminated Lisa Nutt's employment on August 9, 2010. Plaintiffs subsequently filed this action alleging breach of fiduciary duty under ERISA and for ERISA retaliation.

On January 25, 2011, the Court issued an ERISA Scheduling Order [doc.#7] directing, *inter alia*, that a stipulated administrative record be filed. On March 1, 2011, plaintiffs filed a motion to amend ERISA Scheduling Order [doc.#13], arguing that because the alleged basis of the denial of claims was not a decision of the plan administrator, but rather the action or inaction of the plan administrator, this action was brought for breach of fiduciary duty and delinquent contributions, *inter alia*, rather than as a typical action challenging a denial of benefits. Plaintiffs argued that because of the particular claims brought, the usual method of handling

---

[2] Separate defendants Stafford Kees, Osceola Nursing Home, and Osceola Healthcare, state that Stafford Kees is the majority and managing partner of Osceola Nursing Home, which owned the nursing home facility before it was sold in 2010.

ERISA actions is inappropriate in this case.

Osceola Nursing Home, joined by Stafford Kees and Osceola Healthcare, responded in opposition to plaintiffs' motion, arguing that although plaintiffs claim that there is no administrative record, Osceola Nursing Home has requested the relevant record from United Healthcare relating to Osceola Nursing Home's group plan in effect prior to Kevin Nutt's March 2010 accident and any claims made by Kevin Nutt to that plan.  Osceola Nursing Home stated that it disagreed with plaintiffs that there is no administrative record and noted that Kevin Nutt claims that he made claims for benefits to that plan and his claims were denied.  Osceola Nursing Home stated that while it agrees that limited discovery on whether its employees were notified that the health insurance was no longer in place and whether any payroll deductions not applied to health insurance premiums were repaid to the employees may, at some point in the future, be proper in this case, allowing plaintiffs unfettered discovery in this case they have brought under the ERISA statute is, at this point, premature.  Osceola Nursing Home asked that the Court deny the plaintiffs' motion to amend ERISA Scheduling Order, allow the parties to submit an administrative record, and allow the parties to request limited discovery if the administrative record is insufficient.

By Order entered April 1, 2011 [doc.#15], the Court denied without prejudice the motion of plaintiffs to amend the ERISA Scheduling Order and stated that it will allow the parties to submit an administrative record and thereafter allow the parties to request appropriate discovery if it is determined that the administrative record is insufficient.  In light of that Order, the Court, by Order entered April 6, 2011 [doc.#17]  directed that the administrative record be filed within twenty-one (21) days of the date of entry of the Order after which a determination as to how to

proceed would be made. No administrative record was filed, however, and Osceola Nursing Home thereupon filed the motion to enforce the Court's Order to file an administrative record or to dismiss now before the Court.

II

A

Addressing first Osceola Nursing Home's motion to dismiss for lack of jurisdiction, the Court finds that plaintiffs have at this time pled an actionable ERISA case and that the Court has jurisdiction pursuant to 29 U.S.C. § 1132(a)(1)(B). *See, e.g., Krippendorf v. Mitchell,* No. 4:05cv00888 JLH, 2006 WL 118376, at *2-3 (E.D.Ark. Jan. 13, 2006) (ERISA provides that a participant or beneficiary of such a plan may bring a civil action "to recover benefits due to him under the terms of his plan [or] to enforce his rights under the terms of the plan," 29 U.S.C. § 1132(a)(1)(B), and "[a] reduced health insurance premium may be a benefit under an ERISA plan and a plaintiff may therefore bring an action to enforce his right to this benefit; failure to pay insurance premiums according to an ERISA plan is a breach of fiduciary duty). Accordingly, the Court denies Osceola Nursing Home's motion to dismiss for lack of jurisdiction.

B

Turning to Osceola Nursing Home's motion to enforce the Court's Order to file an administrative record, the Court finds that this motion should be granted. Osceola Nursing Home states that it contacted United Healthcare and requested the administrative record, but that United Healthcare requires a HIPAA[3] release for any records related to Kevin Nutt's claims for

---

[3] Health Insurance Portability and Accountability Act.

benefits.  Osceola Nuring Home states that Kevin Nutt, on the advice of counsel, refuses to execute such a release thereby preventing the release and filing of an administrative record.  For their part, plaintiffs argue that Kevin Nutt is willing to sign a "modified" HIPAA release pursuant to a discovery schedule, but not pursuant to defendants' unilateral discovery effort under the guise of creating a so-called administrative record.

The Court rejects plaintiffs' position.  The administrative record in this action is what United Healthcare, the relevant insurer and administrator in this case, considered in denying Kevin Nutt's claims.  There is no reason that whatever administrative record exists cannot at this time be filed, and nothing in the record indicates that plaintiffs will be prejudiced by the execution of a HIPAA release so that an administrative record may be released and filed given that Kevin Nutt states he will, in the course of discovery, execute such a release.  Because a HIPAA release is required for the administrative record in this action to be released and filed, the Court directs that Kevin Nutt execute an appropriate HIPAA release and that whatever administrative record exists as set forth above be filed within twenty-one (21) days of the date of entry of this Order.

Plaintiffs argue that this case will require discovery and that it cannot be properly litigated on a review of a so-called administrative record.  In this respect, plaintiffs argue that discovery will be required in the following areas: (1) the scope of damages; (2) whether defendants notified employees that their health plan was no longer in place; (3) whether defendants refunded insurance premiums which were collected but not remitted; and (4) whether defendants retaliated against plaintiffs for using or attempting to use their benefits, or for uncovering or attempting to investigate their lack of coverage.

It may certainly be that the Court, given the nature of plaintiffs' allegations and given that Osceola Nursing Home agrees that at least some discovery may be required, will allow limited discovery in this ERISA action. Prior to making that determination, however, the Court directs that the parties file whatever administrative record exists as set forth above. Plaintiffs and/or defendants may move for appropriate discovery after the administrative record has been filed if they feel that the administrative record is insufficient. The Court will thereupon rule on the issue of whether discovery will be allowed and, if so, its scope.

III

For the foregoing reasons, the Court denies Osceola Nursing Home's motion to dismiss for lack of jurisdiction and grants Osceola Nursing Home's motion to enforce the Court's Order to file an administrative record [doc.#19]. Because a HIPAA release is required for the administrative record in this action to be released and filed, the Court directs that Kevin Nutt execute an appropriate HIPAA release and that whatever administrative record exists as set forth above be filed within twenty-one (21) days of the date of entry of the Order.

IT IS SO ORDERED this 21st day of June 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE