IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KEVIN NUTT and LISA NUTT,                    *
                                             *
                 Plaintiffs,                 *
vs.                                          *       No. 3:10cv00307 SWW
                                             *
                                             *
STAFFORD KEES; CARROLL COUNTY                *
NURSING AND REHAB CENTER, INC., an           *
Arkansas Corporation; OSCEOLA NURSING        *
HOME, LLP, an Arkansas Limited Liability     *
Partnership; OSCEOLA THERAPY AND             *
LIVING CENTER, INC., an Arkansas             *
Corporation; OSCEOLA HEALTHCARE,             *
PLLC, an Arkansas Professional               *
Limited Liability Company; and HOPE          *
HEALTHCARE, LLC, an Arkansas Limited         *
Liability Company,                           *
                                             *
                 Defendants.                 *

## ORDER

Plaintiffs Kevin Nutt and Lisa Nutt bring this action pursuant to the Employee

Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, alleging breach of

fiduciary duty under ERISA and for ERISA retaliation.  Plaintiffs allege that defendants,

Stafford Kees, Carroll County Nursing & Rehab Center, Inc., Osceola Nursing Home, LLP,

Osceola Therapy & Living Center, Inc., Osceola Healthcare, PLLC, and Hope Healthcare, LLC,

failed to make health insurance premium payments to a group health plan despite making

deductions from pay to cover such premiums.  Plaintiffs further allege that they were employed

by defendants in various capacities and that their employment was terminated in retaliation for

insisting that defendants provide the benefits they had been promised.

Now before the Court is a motion [doc.#29] of Mitchell, Williams, Selig, Gates &

Woodyard, PLLC (The "Law Firm") seeking permission to withdraw as counsel of record for

separate defendants Stafford Kees, Osceola Nursing Home, LLP, and Osceola Healthcare,

PLLC.  The Law Firm states that separate defendants are not fulfilling their financial obligations

to the Law Firm and that it has previously given separate defendants reasonable warning that it

will withdraw unless the financial obligations are fulfilled.  The Law Firm states that despite

those warnings, separate defendants still have not fulfilled their obligations and that an

unavoidable conflict has thus arisen between the Law Firm and separate defendants.

Rule 1.16(b)(5) of the Arkansas Model Rules of Professional Conduct provides that an

attorney may withdraw from representation of a client if "the client fails substantially to fulfill an

obligation to the lawyer regarding the lawyer's services and has been given reasonable warning

that the lawyer will withdraw unless the obligation is fulfilled."  Permitting an attorney to

withdraw is "presumptively appropriate" when the rules of professional conduct are satisfied,

including a client's failure to pay fees.  *Cedar Rapids Lodge & Suites, LLC v. JFS Development,*

*Inc.*, No. C09-0175, 2010 WL 5070484, at *2 (N.D.Iowa Dec. 06, 2010) (quoting *Brandon v.*

*Blech*, 560 F.3d 536, 538 (6th Cir. 2009)).[1]  "'Litigants have no right to free legal aid in civil

suits.'" *Carpenters' Dist. Council of Greater St. Louis v. Evans Concrete, Inc.*, No. 4:08-cv-49

CAS, 2008 WL 5191338, at *2 (E.D.Mo. Dec. 10, 2008) (quoting *Fidelity Nat. Title Ins. Co. of*

*New York v. Intercounty Nat. Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002)).

The Court has considered the matter and will permit the Law Firm to withdraw as

counsel of record for separate defendants.  There is no indication that any party will be

---

[1] In addition, Local Rule 83.5(f) provides that "[n]o attorney shall withdraw from an action or proceeding except by leave of Court after reasonable notice has been given to the client and opposing counsel."  The Law Firm states that it has provided reasonable notice to separate defendants and opposing counsel.

prejudiced if the Law Firm is permitted to withdraw or that the progress of this action will be disrupted, and it appears that if the Law Firm is not permitted to withdraw, then its continued representation of separate defendants will be without compensation.  Under these circumstances, the Court concludes that the Law Firm's motion to withdraw as counsel of record for separate defendants is well taken.  *Cf. Lieberman v. Polytop Corp*., 2 Fed.Appx. 37, 39 (1st Cir. 2001) (district court abused its discretion in refusing to let attorney withdraw, where it would be necessary for counsel to expend additional energy and front necessary expenses "without any real assurance that he will be paid for any of it...").

However, there remains a question concerning the effective date of the Law Firm's withdrawal given that two of the separate defendants–Osceola Nursing Home, LLP and Osceola Healthcare, PLLC–are business entities.  The law does not allow a corporation or other business entity to proceed pro se, *Tribuilt Const. Group, LLC v. International Fidelity Ins. Co.*, No. 2:10-cv-02052, 2011 WL 2357659, at *1 (W.D.Ark. June 13, 2011) (citing *Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852, 856 (8th Cir. 1996)), and if the Law Firm's motion to withdraw as counsel of record for Osceola Nursing Home, LLP and Osceola Healthcare, PLLC is granted immediately, these defendants would technically be in default at that time.  *See id.* (noting that business entities "were technically in default when they failed to obtain substitute counsel, as the law does not allow a corporation or other business entity to proceed pro se").  That being the case, the Court will not grant the Law Firm's motion to withdraw at this time but will impose a withdrawal notice period and allow Osceola Nursing Home, LLP and Osceola Healthcare, PLLC to obtain substitute counsel no later than September 1, 2011.  If Osceola Nursing Home, LLP and Osceola Healthcare, PLLC fail to obtain substitute counsel within that time, these defendants

3

may be subject to a default judgment in favor of plaintiffs.  *See id.*; *Fingerhut*, 86 F.3d at 856-57. The Law Firm's motion to withdraw from representation of Stafford Kees, Osceola Nursing Home, LLP, and Osceola Healthcare, PLLC will be granted either when substitute counsel enters an appearance on their behalf or on September 1, 2011, whichever occurs first.  *See Evans Concrete*, 2008 WL 5191338, at *3.[2]

The Court directs that within seven (7) days of the date of entry of this Order, the Law Firm notify separate defendants Stafford Kees, Osceola Nursing Home, LLP, and Osceola Healthcare, PLLC in writing that its motion to withdraw will be granted no later than September 1, 2011, that a corporation or business entity cannot proceed pro se in federal court, and that Osceola Nursing Home, LLP and Osceola Healthcare, PLLC risk default judgments if they fail to obtain substitute counsel before September 1, 2011.  *See Miracle-Ear, Inc. v. South Georgia Hearing, Inc.*, Civil No. 10-4815 (JNE/AJB), 2011 WL 1827418, at *2 (D.Minn. May 12, 2011).

IT IS SO ORDERED this 10th day of August 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[2] Stafford Kees is a natural person and there is nothing that would prevent him from proceeding pro se at any time should he so choose.  Nevertheless, to avoid confusion, the Court will impose the same withdrawal notice period for Mr. Kees.