IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KEVIN NUTT and LISA NUTT,       *
                                   *
           Plaintiffs,      *
vs.                          *     No. 3:10cv00307 SWW
                                   *
                                   *
STAFFORD KEES; CARROLL COUNTY   *
NURSING AND REHAB CENTER, INC., an  *
Arkansas Corporation; OSCEOLA NURSING  *
HOME, LLP, an Arkansas Limited Liability  *
Partnership; OSCEOLA THERAPY AND   *
LIVING CENTER, INC., an Arkansas     *
Corporation; OSCEOLA HEALTHCARE,   *
PLLC, an Arkansas Professional        *
Limited Liability Company; and HOPE    *
HEALTHCARE, LLC, an Arkansas Limited  *
Liability Company,               *
                                 *
          Defendants.     *

ORDER

Plaintiffs Kevin Nutt and Lisa Nutt bring this action pursuant to the Employee

Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*., alleging that

defendants, Stafford Kees, Carroll County Nursing & Rehab Center, Inc., Osceola Nursing

Home, LLP, Osceola Therapy & Living Center, Inc., Osceola Healthcare, PLLC, and Hope

Healthcare, LLC, failed to make health insurance premium payments to a group health plan

despite making deductions from pay to cover such premiums.  Plaintiffs further allege that they

were employed by defendants in various capacities and that their employment was terminated in

retaliation for insisting that defendants provide the benefits they had been promised.

I.

By Order entered April 1, 2011 [doc.#15], the Court denied without prejudice the motion

of plaintiffs to amend the ERISA Scheduling Order and stated that it will allow the parties to

submit an administrative record and thereafter allow the parties to request appropriate discovery

if it is determined that the administrative record is insufficient.  In light of that Order, the Court,

by Order entered April 6, 2011 [doc.#17]  directed that the administrative record be filed after

which a determination as to how to proceed would be made.  Following further proceedings, the

administrative record was filed on July 12, 2011 [doc.#28].

II.

On August 4, 2011, the law firm of Mitchell, Williams, Selig, Gates & Woodyard, PLLC

(The "Law Firm") filed a motion seeking permission to withdraw as counsel of record for

separate defendants Stafford Kees, Osceola Nursing Home, LLP, and Osceola Healthcare,

PLLC.  The Law Firm stated that separate defendants are not fulfilling their financial obligations

to the Law Firm and that it has previously given separate defendants reasonable warning that it

will withdraw unless the financial obligations are fulfilled.  The Law Firm stated that despite

those warnings, separate defendants still have not fulfilled their obligations and that an

unavoidable conflict has thus arisen between the Law Firm and separate defendants.

By Order entered August 10, 2011 [doc.#30], the Court informed the parties that it would

permit the Law Firm to withdraw as counsel of record for separate defendants.   The Court noted,

however, that because two of the separate defendants–Osceola Nursing Home, LLP and Osceola

Healthcare, PLLC–are business entities and the law does not allow a corporation or other

business entity to proceed pro se the Court would not grant the Law Firm's motion to withdraw

at that time but would impose a withdrawal notice period in order to allow separate defendants

time in which to obtain substitute counsel.[1]  In this respect, the Court informed the parties that

the Law Firm's motion to withdraw from representation of Stafford Kees, Osceola Nursing

Home, LLP, and Osceola Healthcare, PLLC would be granted either when substitute counsel

enters an appearance on their behalf or on September 1, 2011, whichever occurs first.  The Court

directed that the Law Firm notify separate defendants Stafford Kees, Osceola Nursing Home,

LLP, and Osceola Healthcare, PLLC in writing that its motion to withdraw will be granted no

later than September 1, 2011, that a corporation or business entity cannot proceed pro se in

federal court, and that Osceola Nursing Home, LLP and Osceola Healthcare, PLLC risk default

judgments if they fail to obtain substitute counsel before September 1, 2011.

On August 30, 2011, the Law Firm filed a Certificate of Compliance which reflects that

on August 11, 2011, the Law firm fully complied with this Court's August 10th Order.  Despite

ample notice, no substitute counsel entered an appearance for separate defendants Stafford Kees,

Osceola Nursing Home, LLP, and Osceola Healthcare, PLLC.

By Order entered September 1, 2011 [doc.#32], the Court, in accordance with this

Court's August 10th Order and the Law Firm's Certificate of Compliance, granted the Law

Firm's motion to withdraw as counsel for separate defendants Stafford Kees, Osceola Nursing

Home, LLP, and Osceola Healthcare, PLLC.

### III.

To date, the plaintiffs have not indicated whether the administrative record is or is not

---

[1] The Court noted that if the Law Firm's motion to withdraw as counsel of record for Osceola Nursing Home, LLP and Osceola Healthcare, PLLC were granted immediately, these defendants would technically be in default at that time.  *See Tribuilt Const. Group, LLC v. International Fidelity Ins. Co.*, No. 2:10-cv-02052, 2011 WL 2357659, at *1 (W.D.Ark. June 13, 2011) (noting that business entities "were technically in default when they failed to obtain substitute counsel, as the law does not allow a corporation or other business entity to proceed pro se") (citing *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852 (8th Cir. 1996)).

sufficient and whether discovery is required and no motion for default judgment has been filed despite the fact that Osceola Nursing Home, LLP and Osceola Healthcare, PLLC were warned that they risk default judgments if they fail to obtain substitute counsel before September 1, 2011, which they have failed to do.  It appears that this action is in a state of limbo.[2] Accordingly, the Court directs the plaintiffs to inform the Court of the current status of this action, including whether the administrative record is or is not sufficient and whether discovery is required, within twenty (20) days of the date of entry of this Order.

IT IS SO ORDERED this 26th day of October 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[2] The last docket entry is the Court's September 1, 2011 Order granting the Law Firm's motion to withdraw as counsel for separate defendants Stafford Kees, Osceola Nursing Home, LLP, and Osceola Healthcare, PLLC.  The Court has had no contact with plaintiffs' attorneys since June 15, 2011.