IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| KEVIN NUTT and LISA NUTT, | * | |
| | * | |
| Plaintiffs, | * | |
| vs. | * | No. 3:10-cv-00307-SWW |
| | * | |
| | * | |
| STAFFORD KEES; CARROLL COUNTY | * | |
| NURSING AND REHAB CENTER, INC., an | * | |
| Arkansas Corporation; OSCEOLA NURSING | * | |
| HOME, LLP, an Arkansas Limited Liability | * | |
| Partnership; OSCEOLA THERAPY AND | * | |
| LIVING CENTER, INC., an Arkansas | * | |
| Corporation; OSCEOLA HEALTHCARE, | * | |
| PLLC, an Arkansas Professional | * | |
| Limited Liability Company; and HOPE | * | |
| HEALTHCARE, LLC, an Arkansas Limited | * | |
| Liability Company, | * | |
| | * | |
| Defendants. | * | |

ORDER

Plaintiffs Kevin Nutt and Lisa Nutt bring this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, alleging that defendants, Stafford Kees, Carroll County Nursing & Rehab Center, Inc., Osceola Nursing Home, LLP, Osceola Therapy & Living Center, Inc., Osceola Healthcare, PLLC, and Hope Healthcare, LLC, failed to make health insurance premium payments to a group health plan despite making deductions from pay to cover such premiums.  Plaintiffs further allege that they were employed by defendants in various capacities and that their employment was terminated in retaliation for insisting that defendants provide the benefits they had been promised.

By Order entered April 1, 2011 [doc.#15], the Court denied without prejudice the motion of plaintiffs to amend the ERISA Scheduling Order and stated that it will allow the parties to

submit an administrative record and thereafter allow the parties to request appropriate discovery if it is determined that the administrative record is insufficient.  In light of that Order, the Court, by Order entered April 6, 2011 [doc.#17] directed that the administrative record be filed after which a determination as to how to proceed would be made.  Following further proceedings, the administrative record was filed on July 12, 2011 [doc.#28].

By Order entered October 26, 2011 [doc.#33], the Court noted, *inter alia*, that plaintiffs have not indicated whether the administrative record is or is not sufficient and whether discovery is required.  The Court directed plaintiffs to inform the Court of the current status of this action, including whether the administrative record is or is not sufficient and whether discovery is required, within twenty (20) days of the date of entry of the Order.

On November 15, 2011, plaintiffs filed their response [doc.#34] to the Court's Order in which they state that although the administrative record establishes that Osceola Healthcare, PLLC stopped payments on the premiums of the health plan provided by United Healthcare and that the policy was cancelled prior to the accident suffered by Kevin Nutt, the administrative record is insufficient in several ways and that the Court should allow discovery in certain areas.[1]  The time for filing a response to plaintiffs' request for discovery has passed with none of the defendants having responded in opposition to plaintiffs' request for discovery

There being no objection, the Court will grant plaintiffs' request for discovery and will

---

[1] According to the complaint, on March 6, 2010, Kevin Nutt was injured in an accident requiring emergency transportation, extended care at a hospital, and after-care treatment.  Plaintiffs state they presented Kevin Nutt's health insurance information to all entities providing transportation and medical and health care as a result of the accident and that claims were subsequently made by all care-providing entities against Kevin Nutt's health insurance provider, United Healthcare.  Plaintiffs state that United Healthcare informed all claiming entities that Kevin Nutt's health insurance was not in effect due to non-payment of premiums, thereby making Kevin Nutt liable for the healthcare costs associated with the accident.

allow discovery with respect to the following issues: (1) the relationship between the various business entities named as defendants and the alleged liability of each (including successor liability) for any violations by Osceola Healthcare, PLLC; (2) whether defendants continued making deductions from paychecks even when the premium was allegedly not being paid to United Healthcare; (3) whether defendants notified employees that their health plan was no longer in place; (4) whether defendants refunded insurance premiums to employees that were allegedly collected but not remitted; (5) whether defendants retaliated against plaintiffs for allegedly using or attempting to use their benefits; (6) whether defendants retaliated against plaintiffs for uncovering or attempting to investigate their alleged lack of coverage; and (7) the scope of any damages.

The Court hereby allows the parties until and including March 16, 2012 in which to conduct discovery on the above issues.[2]  The Court will thereafter establish, in consultation with the parties, a motions or briefing deadline.

IT IS SO ORDERED this 1ST day of December 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[2] The parties are not precluded from seeking an extension of the discovery deadline should circumstances so warrant.