IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| KEVIN NUTT and LISA NUTT, | * | |
| | * | |
| Plaintiffs, | * | |
| vs. | * | No. 3:10-cv-00307-SWW |
| | * | |
| | * | |
| STAFFORD KEES; CARROLL COUNTY | * | |
| NURSING AND REHAB CENTER, INC., an | * | |
| Arkansas Corporation; OSCEOLA NURSING | * | |
| HOME, LLP, an Arkansas Limited Liability | * | |
| Partnership; OSCEOLA THERAPY AND | * | |
| LIVING CENTER, INC., an Arkansas | * | |
| Corporation; OSCEOLA HEALTHCARE, | * | |
| PLLC, an Arkansas Professional | * | |
| Limited Liability Company; and HOPE | * | |
| HEALTHCARE, LLC, an Arkansas Limited | * | |
| Liability Company, | * | |
| | * | |
| Defendants. | * | |

ORDER

Plaintiffs Kevin Nutt and Lisa Nutt bring this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*., alleging that defendants, Stafford Kees, Carroll County Nursing & Rehab Center, Inc., Osceola Nursing Home, LLP, Osceola Therapy & Living Center, Inc., Osceola Healthcare, PLLC, and Hope Healthcare, LLC, failed to make health insurance premium payments to a group health plan despite making deductions from pay to cover such premiums.  Plaintiffs further allege that they were employed by defendants in various capacities and that their employment was terminated in retaliation for insisting that defendants provide the benefits they had been promised.

By Order entered August 10, 2011 [doc.#30], the Court informed the parties that it would permit the the law firm of Mitchell, Williams, Selig, Gates & Woodyard, PLLC (The "Law

Firm") to withdraw as counsel of record for separate defendants. The Court noted, however, that because two of the separate defendants–Osceola Nursing Home, LLP and Osceola Healthcare, PLLC–are business entities and the law does not allow a corporation or other business entity to proceed pro se, the Court would not grant the Law Firm's motion to withdraw at that time but would impose a withdrawal notice period in order to allow separate defendants time in which to obtain substitute counsel.[1] In this respect, the Court informed the parties that the Law Firm's motion to withdraw from representation of Stafford Kees, Osceola Nursing Home, LLP, and Osceola Healthcare, PLLC would be granted either when substitute counsel enters an appearance on their behalf or on September 1, 2011, whichever occurs first. The Court directed that the Law Firm notify separate defendants Stafford Kees, Osceola Nursing Home, LLP, and Osceola Healthcare, PLLC in writing that its motion to withdraw will be granted no later than September 1, 2011, that a corporation or business entity cannot proceed pro se in federal court, and that Osceola Nursing Home, LLP and Osceola Healthcare, PLLC risk default judgments if they fail to obtain substitute counsel before September 1, 2011.

On August 30, 2011, the Law Firm filed a Certificate of Compliance which reflects that on August 11, 2011, the Law firm fully complied with this Court's August 10th Order. Despite ample notice, no substitute counsel entered an appearance for separate defendants Stafford Kees, Osceola Nursing Home, LLP, and Osceola Healthcare, PLLC.

By Order entered September 1, 2011 [doc.#32], the Court, in accordance with this

---

[1] The Court noted that if the Law Firm's motion to withdraw as counsel of record for Osceola Nursing Home, LLP and Osceola Healthcare, PLLC were granted immediately, these defendants would technically be in default at that time. *See Tribuilt Const. Group, LLC v. International Fidelity Ins. Co.*, No. 2:10-cv-02052, 2011 WL 2357659, at *1 (W.D.Ark. June 13, 2011) (noting that business entities "were technically in default when they failed to obtain substitute counsel, as the law does not allow a corporation or other business entity to proceed pro se") (citing *Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852 (8th Cir. 1996)).

Court's August 10th Order and the Law Firm's Certificate of Compliance, granted the Law Firm's motion to withdraw as counsel for separate defendants Stafford Kees, Osceola Nursing Home, LLP, and Osceola Healthcare, PLLC.

By Order entered October 26, 2011 [doc.#33], the Court noted that plaintiffs have not indicated whether the administrative record is or is not sufficient and whether discovery is required and that no motion for default judgment has been filed despite the fact that Osceola Nursing Home, LLP and Osceola Healthcare, PLLC were warned that they risk default judgments if they fail to obtain substitute counsel (which they have not done).  The Court directed plaintiffs to inform the Court of the current status of this action, including whether the administrative record is or is not sufficient and whether discovery is required, within twenty (20) days of the date of entry of the Order.

On November 15, 2011, plaintiffs filed, *inter alia*, a motion [doc.#35] for default judgment against Osceola Nursing Home, LLP and Osceola Healthcare, PLLC.  The time for filing responses to plaintiffs' motion for default judgment has passed with none of the defendants having responded in opposition to plaintiffs' motion for default judgment against separate defendants Osceola Nursing Home, LLP and Osceola Healthcare, PLLC.

Rule 55 of the Federal Rules of Civil Procedure contemplates a two step process for the entry of default judgments.  *Fraserside IP L.L.C. v. Youngtek Solutions Ltd.*, — F.Supp.2d —, 2011 WL 2689058, at *2 (N.D.Iowa July 12, 2011) (citation and internal quotation marks omitted).  First, pursuant to Rule 55(a), the party seeking a default judgment must have the Clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend.  *Id*.  Second, pursuant to Rule 55(b), the moving party may seek entry of

judgment on the default under either subdivision (b)(1) or (b)(2) of the rule.  *Id*.  Entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).  *Id*.

Here, the Court construes the present motion as one for entry of default by the Clerk and for entry of default by this Court.  Accordingly, the Court hereby refers the motion to the Clerk for consideration.  In the event that a clerk's default is entered, the Court directs that the motion not be termed.  The Court will then consider plaintiffs' motion for default judgment pursuant to Fed.R.Civ.P. 55(b).

IT IS SO ORDERED this 1ST day of December 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE