IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**KEVIN NUTT AND LISA NUTT**                                                                 **PLAINTIFFS**

**v.**                              **Case No. 3:10-cv-00307-KGB**

**STAFFORD KEES, ET AL.**                                                                    **DEFENDANTS**

**ORDER**

Before the Court is plaintiffs' "*motion in limine* number one to deem undisputed facts admitted" (Dkt. No. 92). On August 17, 2012, plaintiffs filed a motion for summary judgment as to *pro se* defendant Stafford Kees (Dkt. No. 52). In accordance with Federal Rule of Civil Procedure 56 and Local Rule 56.1, plaintiffs filed a motion, memorandum, and statement of undisputed facts in support (Dkt. Nos. 52, 53, 54). Mr. Kees did not file a response to plaintiff's motion for summary judgment but instead sent a letter to the Court seeking to be dismissed from the case (Dkt. No. 80, at 9). The Court denied plaintiffs' motion for summary judgment (Dkt. No. 80).

Plaintiffs contend that because Mr. Kees failed to abide by the requirements set forth in Local Rule 56.1, the facts that plaintiffs set forth in their statement of undisputed facts (Dkt. No. 54) should be deemed admitted for purposes of trial. Local Rule 56.1(b) provides that "[i]f the non-moving party opposes the motion, it shall file, in addition to any response and brief, a separate, short and concise statement of the material facts as to which it contends a genuine dispute exists to be tried." Local Rule 56.1(c) states that "[a]ll material facts set forth in the statement filed by the moving party . . . shall be deemed admitted unless otherwise controverted by the statement filed by the non-moving party . . . ." Plaintiffs also cite cases in support of their request. *See Libel v. Adventure Lands of Am.*, 482 F.3d 1028, 1032-33 (8th Cir. 2007); *Green v. Sheppard*, No. 1:09-cv-00029-HLJ, 2009 WL 5184354 (E.D. Ark. Dec. 23, 2009).

The Court declines to deem admitted for purposes of trial the facts set forth in plaintiffs' statement of undisputed facts. *See Silberstein v. IRS*, 16 F.3d 858, 860 (8th Cir. 1994) ("[I]t is for the district court to determine what departures from its rules may be overlooked." (quoting *Braxton v. Bi-State Dev. Agency*, 728 F.2d 1105, 1107 (8th Cir. 1984)). When considering plaintiffs' motion for summary judgment, the Court requested and reviewed the entire transcript from Mr. Kees's deposition before denying the motion (Dkt. Nos. 77, 78). Moreover, the district courts in the cases cited by plaintiffs deemed facts admitted, under Local Rule 56.1, for purposes of summary judgment, not trial. For these reasons, plaintiffs' motion *in limine* is hereby denied (Dkt. No. 92).

SO ORDERED this 4th day of February, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE