IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KEVIN NUTT AND LISA NUTT                                                          PLAINTIFFS

v.                         Case No. 3:10-cv-00307-KGB

STAFFORD KEES, ET AL.                                                             DEFENDANTS

## ORDER

On September 30, 2014, the Court entered Findings of Fact and Conclusions of Law and Judgment in favor of plaintiffs Kevin and Lisa Nutt and against defendants Stafford Kees, Osceola Therapy and Living Center, Inc. ("OTLC"), Osceola Nursing Home, LLP, and Osceola Healthcare, PLLC, in the amount of $233,471.97 (Dkt. Nos. 123, 124). Before the Court is plaintiffs' motion for attorneys' fees, costs, and expenses and motion to alter judgment (Dkt. Nos. 133, 136). Separate defendant OTLC responded to these motions (Dkt. Nos. 137, 138), whereas separate defendant Mr. Kees did not.

**I.      Motion For Attorneys' Fees, Expenses, And Costs**

Plaintiffs move the Court for an award of attorneys' fees, expenses, and costs pursuant to 29 U.S.C. § 1132(g)(1) and Federal Rule of Civil Procedure 54. Section 1132(g)(1) provides that, in the types of actions like the one brought here, the Court "in its discretion may allow a reasonable attorney's fee and costs of action to either party." To receive attorneys' fees and costs under § 1132(g)(1), a fee claimant must have achieved some degree of success on the merits. *McDowell v. Price*, 731 F.3d 775, 783 (8th Cir. 2013) (citing *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242 (2010)).

In ERISA cases, the Court must consider the Eighth Circuit's *Westerhaus* factors to determine whether it should award attorneys' fees. *Lawrence v. Westerhaus*, 749 F.2d 494, 496 (8th Cir. 1984). *Westerhaus* directs district courts to consider:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal q[ue]stion regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Westerhaus*, 749 F.2d at 496. Importantly, the *Westerhaus* factors require consideration, not regurgitation, as they are merely "general guidelines." *Martin*, 299 F.3d at 972.

Although plaintiffs seek costs under Rule 54, the Court finds that the *Westerhaus* analysis applies equally in determining whether to award costs in an ERISA case. *See Harley v. Minn. Mining & Mfg. Co.*, No. Civ. 4-96-488 JRT/RLE, 2003 WL 22283345, at 1-2* (D. Minn. Sept. 23, 2003) ("[T]he Eighth Circuit . . . consistently has applied the *Westerhaus* analysis in reviewing both attorney's fees and cost awards."). Accordingly, there is no presumption in favor of awarding attorneys' fees or costs, as there otherwise would be in non-ERISA cases being decided under Rule 54. *See Martin v. Ark. Blue Cross & Blue Shield*, 299 F.3d 966, 971-72 (8th Cir. 2002); *Harley*, 2003 WL 22283345, at 2*; *see also 168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007) (holding that, under Rule 54(d)(1), "[a] prevailing party is presumptively entitled to recover all of its costs" (citation omitted)). The Court notes that the categories of costs recoverable under ERISA are still limited to the costs recoverable under 28 U.S.C. § 1920, and plaintiffs must show that the costs they seek are recoverable. *See Harley*, 2003 WL 22283345, at 1*.

Plaintiffs argue that attorneys' fees and costs should be assessed against Mr. Kees and OTLC. The Court now turns to the *Westerhaus* factors. First, while the Court has made Findings of Fact and Conclusions of Law regarding Mr. Kees's bad faith, the Court did not make such findings regarding OTLC's culpability. Second, although Mr. Kees petitioned for

bankruptcy, plaintiffs now have produced evidence that he allowed that petition to be dismissed. Further, Mr. Kees is receiving or has received $474,000.00 in payments from the purchase and sale agreement with Jim Cooper and/or his assigns. OTLC, on the other hand, claims that it is an entity with no assets and no longer owns any nursing home facilities. Third, an award of attorneys' fees and costs against Mr. Kees and OTLC would deter other persons from acting similarly under similar circumstances. But, again, Mr. Kees's conduct is more culpable than OTLC's conduct, and his conduct is the type of conduct that the Court should seek to deter by imposing a fee and cost award. Fourth, plaintiffs sought to resolve a significant legal question regarding ERISA itself, namely the novel theory of successor liability. Fifth, though plaintiffs ultimately prevailed on their claims, this was a very close case as to OTLC, whose position was reasonable. *See Rote v. Titan Tire Corp.*, 611 F.3d 960, 964 (8th Cir. 2010) (noting that district court found that "[t]his was not a close case" in affirming award of attorney's fees). The Court denies plaintiffs' requests that a multiplier and joint and several liability be applied to the attorneys' fees and costs in this case, as the *Westerhaus* factors only support attorneys' fees and costs being assessed against Mr. Kees. *See Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 772 (5th Cir. 1996) ("A court *may* impose joint and several liability in setting fees." (emphasis added)).

Having considered the *Westerhaus* factors as applied to this case, the Court determines that attorneys' fees and costs should be assessed against Mr. Kees but should not be assessed against separate defendants OTLC. Thus, the Court assesses attorneys' fees and costs against Mr. Kees, not OTLC, without a multiplier or joint and several liability. Plaintiffs are directed to make and submit within 10 days from the entry of this Order a calculation of the amount of

attorneys' fees and costs attributable to the claims against Mr. Kees.  Mr. Kees will have 14 days from the date plaintiffs submit their calculation of attorneys' fees and costs to respond.

## II. Motion To Amend Judgment

Plaintiffs also move the Court to amend Judgment in this case pursuant to Federal Rules of Civil Procedure 52 and 59.  Rule 52(b) provides that the Court "may amend its findings—or make additional findings—and may amend the judgment accordingly."  Rule 59 also allows motions to amend a judgment.  Plaintiffs argue that the Court should amend its Judgment to provide equitable relief in the form of a surcharge and constructive trust.  ERISA permits plan participants and beneficiaries to seek "other appropriate equitable relief," which is limited to relief that was "typically available in equity."  *Pichoff v. QGH of Springdale, Inc.*, 556 F.3d 728, 731 (8th Cir. 2009) (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256-57 (1993)); *see* 29 U.S.C. § 1132(a)(3)(B).

### A. Surcharge

Plaintiffs argue that they should be awarded a surcharge making defendants liable for the "consequential damages of their actions, including but not limited to the financial hardship and impact on [p]laintiffs' household as a result of carrying such large medical bills, the impact on [p]laintiffs' credit history, and the financial stress and anxiety caused to [p]laintiffs in order to compensate fully for the consequence of the breach" (Dkt. No. 136, at 4 (citation and internal quotation marks omitted)).  They cite *Silva v. Metropolitan Life Insurance Co.*, 762 F.3d 711 (8th Cir. 2014), and *McCravy v. Metropolitan Life Insurance Co.*, 690 F.3d 176 (4th Cir. 2012), both of which are based on the Supreme Court's decision in *CIGNA Corp. v. Amara*, 131 S. Ct. 1866 (2011), as support for this request.  However, in all of these cases, the "make-whole" relief awarded by the courts amounted to the unpaid medical bills, as opposed to mere premium

refunds, and did not include the types of damages plaintiffs seek here under the equitable surcharge remedy. *See Amara* 131 S. Ct. at 1880 (finding that the district court's injunctions requiring the plan administrator to pay to already retired beneficiaries money owed them under the plan as reformed was justified under the equitable surcharge remedy, which traditionally allowed equity courts "to provide relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment); *Silva*, 762 F.3d at 724-25 (citing *McCravy*, 690 F.3d at 182-83) ("Silva's counsel and the Department of Labor, appearing as an amicus, agreed that the appropriate remedy under § 1132(a)(3) is the payment of benefits that were seemingly owed under the Plan."). Plaintiffs have not cited any § 1132(a)(3) cases awarding the types of damages they seek here. For these reasons, the Court denies plaintiffs' motion for an equitable surcharge remedy.

### B.   Constructive Trust

Plaintiffs also contend that the Court should impose a constructive trust on the funds that are payable to Mr. Kees as a result of the purchase and sale agreement between Mr. Kees and Jim Cooper and/or his assigns. Based on the record, Mr. Cooper owes to Mr. Kees $474,000.00, to be paid in 120 monthly installments (T.T. 288-89). "A constructive trust is imposed when a defendant has possession of particular funds or property that in good conscience belong to the plaintiff." *Parke v. First Reliance Standard Life Ins. Co.*, 368 F.3d 999, 1008 (8th Cir. 2004) (citation omitted). Plaintiffs "must specifically identify the particular funds or property in order to obtain the constructive trust; it is not enough that the defendant merely owes the plaintiff some money." *Id.* Such relief seeks "not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Pichoff*, 556 F.3d at 731-32 (quoting *Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 212 (2002)).

Here, it appears to the Court that the funds on which plaintiffs seek a constructive trust do not in good conscience belong to them, as those funds come from the purchase and sale agreement and are not directly connected to plaintiffs in any way. Conversely, in *Great-West Life & Annuity Insurance Co. v. Knudson*, which plaintiffs cite, an insurance company had paid benefits under a health plan to a beneficiary after a car wreck rendered her quadriplegic. 534 U.S. 204, 207-08 (2002). After the beneficiary recovered in tort for her injuries from a third party involved in the car accident, the insurance company sought a constructive trust on those recovered funds to reimburse it for the payment of benefits. *Id.* at 207-08. The health plan provided for such recovery. *Id.* at 207. The Supreme Court denied the constructive trust because the funds were not in the beneficiary's possession, but other courts have imposed constructive trusts in similar situations where the funds were in possession of the defendant. *See, e.g.*, *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 362 (2006).

Based on the record, the Court determines this case is not analogous to the cases cited. For these reasons, the Court denies plaintiffs' motion for a constructive trust.

### III.     Conclusion

In sum, the Court grants in part plaintiffs' motion for attorneys' fees, expenses, and costs (Dkt. No. 133). The Court assesses attorneys' fees and costs against Mr. Kees, without a multiplier or joint and several liability. Plaintiffs are directed to make and submit to the Court within 10 days from the entry of this Order a calculation of the amount of attorneys' fees and costs attributable to the claims against Mr. Kees. Mr. Kees will have 14 days from the date plaintiffs submit their calculation of attorneys' fees and costs to respond. The Court denies plaintiffs' motion to amend judgment.

SO ORDERED this 11th day of May, 2015.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE