IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KEVIN NUTT AND LISA NUTT                                                            PLAINTIFFS

v.                              Case No. 3:10-cv-00307-KGB

STAFFORD KEES, ET AL.                                                               DEFENDANTS

## ORDER

The Court previously assessed attorneys' fees and costs against Mr. Kees, without a multiplier or joint and several liability; directed plaintiffs to make and submit a calculation of the amount of attorneys' fees and costs attributable to the claims against Mr. Kees; and denied attorneys' fees and costs against all other defendants.  In response, on May 21, 2015, plaintiffs filed a second motion for attorneys' fees, expenses, and costs (Dkt. No. 149).  Plaintiffs move the Court to award them attorneys' fees against defendant Stafford Kees in the amount of $120,137.60 and costs against Mr. Kees in the amount of $7,651.52, with a multiplier of 2.0.  This is the same amount as previously requested from all defendants.  The Court gave Mr. Kees 14 days to respond to the plaintiffs' calculation, but Mr. Kees did not file a response, just as he did not file a response to plaintiffs' original motion for attorneys' fees, expenses, and costs.

To determine the amount of reasonable fees, the Court must determine the "lodestar," which multiplies the number of hours reasonably expended by a reasonable hourly rate.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Because Mr. Kees did not respond to plaintiffs' motions for attorneys' fees, expenses, and costs, the Court accepts as reasonable plaintiffs' lodestar calculation and grants plaintiffs' second motion for attorneys' fees in the amount of $120,137.60.  *See Blankenship v. USA Truck, Inc.*, 515 F. App'x 622, 624 (8th Cir. 2013) (finding no reversible error in award of attorney's fees where the adverse party failed to file formal objections opposing the amount of the attorney's fee award despite arguing that he did

not have sufficient information to challenge meaningfully the fee request); *see also Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 719 (3d Cir. 1989) (holding that generally "a district court in a statutory fee case may not reduce the number of hours claimed by an attorney if the adverse party has declined to raise a material fact issue as to the accuracy of representations as to hours spent or the necessity for their expenditure" (citation omitted) (internal quotation marks omitted)); *Baker v. John Morrell & Co.*, 263 F. Supp. 2d 1161, 1189 (N.D. Iowa 2003) ("The district court cannot decrease a fee award based on factors not raised at all by the adverse party.").

Plaintiffs also renew their request that a multiplier of 2.0 be applied to the lodestar calculation and the fees awarded against Mr. Kees. "The applicant [for a fee enhancement must] establish that the quality of service rendered and the results obtained were superior to what one reasonably should expect in light of the hourly rates charged and the number of hours expended." *In re Apex Oil Co.*, 960 F.2d 728, 732 (8th Cir. 1992). Plaintiffs argue that, in bringing their claims against Mr. Kees, plaintiffs' counsel worked on novel legal issues and achieved the rare remedy of piercing the corporate veil after taking the case on a contingency fee basis. However, the reasons plaintiffs cite in support of their request for a multiplier appear to be factors already considered by the Court in the lodestar analysis. *See Fires v. Heber Springs School Dist.*, 565 Fed. App'x. 573, 576 (8th Cir. 2014) (per curiam) (acknowledging that many of the factors used in determining a reasonable attorney's fee are subsumed within the intial lodestar calaculation of hours reasonably expended at a reasonable hourly rate). For this reason, because these factors are adequately considered in the Court's lodestar analysis, the Court declines to award a multiplier.

Lastly, the Court grants plaintiffs' motion for costs in part.  Plaintiffs' request for costs is supported by declarations (Dkt. Nos. 129, 130, 131, 132).  Plaintiffs are awarded costs chargeable under 28 U.S.C. § 1920, but such costs do not include costs for calls, faxes, postage, messengers, or travel.  *See* 28 U.S.C. § 1920 (listing costs that are taxable).  Plaintiffs cite *Pinkham v. Camex, Inc.*, for the proposition that "reasonable out-of-pocket expenses incurred of the kind normally charged to clients by attorneys" are recoverable as costs, but *Pinkham* characterizes the inclusion of such costs as "harmless error," despite the fact that such costs are not "exemplification and copies of papers necessarily obtained for use in the case," because such costs were reasonable out-of-pocket expenses in that case.  84 F.3d 292, 294–95 (8th Cir. 1996).  The Court declines to commit error by including costs for calls, faxes, postage, messengers, and travel as recoverable costs under the statute, even if such error is harmless.  Moreover, plaintiffs request costs for interest, a category not contemplated by the statute or even by *Pinkham* as harmless error.  Accordingly, in addition to the award of attorneys' fees, the Court awards plaintiffs costs in the amount of $4,095.87.

In sum, for the reasons above, the Court grants plaintiffs' second motion for attorneys' fees, expenses, and costs.  The Court awards attorneys' fees in the amount of $120,137.60 and costs in the amount of $4,095.87.  Judgment will be entered in favor of plaintiffs against Mr. Kees in the amount of $124,233.47.

It is so ordered this 22nd day of March, 2016.

Kristine G. Baker
United States District Judge